## VAN WERT COUNTY LAW LIBRARY ASSOCIATION v. STUCKEY et al.

Common Pleas Court, Van Wert County.

No. 19789. Decided December 30, 1949.

2

4

Kerns.Wright, S. S. Beard, C. E. Drury, Van Wert, for plaintiff:

## OPINION

By McNEILL, J.

The Van Wert County Law Library Association filed its petition asking for declaratory judgment. The petition in-

dicates that the auditor of Van Wert County has not made a certificate showing the liability of each municipal corporation to the Law Library Association. The auditor does not deny that the certificate should be made but has stated that insufficient data is provided to him by such municipal corporations to make such a certificate. In addition, many other questions relative to the interpretation of the Law Library Sections have been raised. As these are numerous, they will be taken up separately in each part of the opinion.

### General

1. Sec. 3056 and §3056-2 GC are modified by the provisions of §3056-3 GC.

In interpreting §3056-3 GC it would be simpler to find that it does not apply to municipal corporations or courts of common pleas, as §3056 and §3056-2 GC seemingly provide for the distribution of all fines received by them. However, all three sections were enacted at the same time, and it is apparent that the legislature intended that all should be operative.

2. Sec. 3056-3 GC does not provide an additional maximum liability for payments by municipalities, courts of common pleas, or probate courts, to the law library association but the limitation provided in §3056-3 GC is limited by the provisions of §3056 and §3056-2 GC.

To hold that payments to a law library association for violations of the Liquor Control Act as provided in §3056-3 GC shall be made in addition to the total amount payable under §3056 and §3056-2 GC would necessarily mean that all payments provided in §3056-3 GC are in addition to the limits provided in the other sections. Thus, payments because of violations of the State Traffic Law would be unlimited as no limit is provided in §3056-3 GC. The Court does not feel this was the intention of the legislature as a reading of all the act shows an intent to specifically limit the liability of courts of common pleas and by municipalities. Therefore, when a clerk of the court of common pleas has paid $1250.00 under §3056-2 GC to a law library association or a municipality has paid the amount provided in the certificate of the auditor under §3056 GC, they shall make no further payments to a law library association whether or not $1200.00 has been paid because of violations of the Liquor Control Act. However, even if the maximum under the certificate has not been reached, no more than $1200.00 may be paid for violations of the Liquor Control Act.

3. The maximum of $1200.00 provided in §3056-3 GC is $1200.00 for each municipal corporation; $1200.00 for the

courts of common pleas of a county or probate court, and $1200.00 for all of the justices of peace courts for monies to be paid because of Liquor Control Act violations.

Some confusion is caused by the use of the word "treasurer" in said section. In §§3056 and 3056-2 GC the term "clerk" is used. In reading the sections together the reasonable interpretation is that when "treasurer" is used in §3056-3 GC it must be read as "clerk" when considering the court of common pleas and municipalities, and "treasurer" in the reference to justices of the peace, as these are the county offices that make payments to law library associations. Secs. 3056, 3056-1, 3056-2 GC.

4. Secs. 3056, 3056-1, 3056-2, 3056-3 GC and Secs. 6064-59 and 1183-4 GC are compatible. The enactment of §1183-4 GC does not repeal by implication §§3056, 3056-1, 3056-2 and 3056-3 GC.

In **Greenville v. Law Library Association, 21 O. O. 238,** the court held that the enactment of §3056-3 GC by implication overruled §1181-5 now §1183-4 GC. A similar decision was announced in **Law Library Association v. Parker, 22 O. O. 170.** If this Court follows a similar view it necessarily would be held that the enactment of §1183-4 GC, October 11, 1945, would by implication repeal all parts of §3056-3 GC that are inconsistent therewith. However, an examination of the second case indicates that although the court announced the above rule of law, it did not actually so hold. In the Greenville case, the court held that §3056-3 GC overruled §1181-5 GC by implication in so far as they were incompatible, §1181-5 GC providing that if an arrest were made by a state highway patrolman, 50 per cent of the fine should go to the state and 50 per cent to a local subdivision. The court ruled that 50 per cent of all fines arising from arrests made by state highway patrolmen should go to the law library association; 25 per cent to the local subdivision; and 25 per cent to the state. Thus it was held that §3056-3 GC did repeal §1181-5 GC in that 50 per cent of the fines must go to a law library association, regardless of the effect of §1181-5 GC. However, the court's interpretation of the compatibility of §3056-3 with §6064-59 GC was not completely consistent with the above holding.

In the Warren case, although the court announced the same rule of law, its actual holding was that the 50 per cent of traffic fines payable to a law libraray association under §3056-3 GC was only 50 per cent of that available to the local subdivisions and therefore, 25 per cent went to a law library association, 25 per cent to the local subdivision, and 50 per cent to the state. Thus, in the Warren case, it actually

was found that the sections were compatible, even if part of the language used seemed to indicate otherwise, or necessarily, the decision would have been the same as in the Greenville case.

This court is of the opinion that the actual decision reached in the Warren case is the proper one. This court does not feel that each time the legislature re-enacts or recodifies a section or makes some minor changes that they intend to repeal all other sections relating to fines. This matter is confusing enough in its present state without making such a ruling. If such a ruling were followed, each time there was a minor change or recodification of the laws relating to fines, the complete distribution would be thereby changed. Such repeals by implication are not favored and should not be indulged in if any other reasonable construction may be found. 37 O. Jur. 401.

5. In construing §§3056, 3056-1, 3056-2, 3056-3 GC and §1181-4 and §6064-59 GC together, the combined meaning of these sections is that the monies or per cent of monies payable to a law library association by local subdivisions or other local authorities as provided in §§3056, 3056-1, 3056-2 and 3056-3 GC is only that per cent of money available to the local subdivision or county.

Generally, if by law only a part of a fine is made available to a local subdivision or a county, then the percentage payable to the law library association under §3056 to 3056-3 GC is only a percentage of that available to such municipality or county and is not a percentage of the whole amount. Sec. 3056 to §3056-3 GC provide for payments to a law library association by units the size of a county or smaller. It is apparent that the provisions of §3056 to §3056-3 GC only apply to funds that would be distributed to such subdivisions except for such sections and does not apply to funds payable to the state. Thus, §3056 to §3056-3 GC are still applicable to monies payable to local subdivisions.

6. The term "Violations of the Liquor Control Act", as set forth in §3056-3 GC, includes only those statutes included in §§6064-1 to 6064-68 GC, inclusive, or any additions thereto and does not include such offenses as driving while intoxicated, drunkenness, or illegally selling intoxicating liquors to minors. Greenville Law Library Association v. Taylor, supra, approved and followed.

7. Violations of the State Traffic Laws or amendments thereto as contemplated in §3056-3 GC include only those provisions entitled Uniform Traffic Act, which is comprised of §§6307-1 to 6307-119 GC and any additions thereto and

§§7246 to 7251 GC entitled Traffic Regulations, and any future amendments thereto.

Any other violations, including violations of §6296-30 **GC** are not violations of the State Traffic Laws as provided in §3056-3 GC. Greenville Law Library Association v. Taylor, supra, approved and followed.

Municipal Corporations

8. If a county auditor fails to make the certificate required by §3056 GC, it is not necessary for a municipal corporation to make any payments to the law library association as provided by §3056 GC, as no limit of its liability has been set.

9. It is mandatory under §3056 GC for each municipal corporation to pay over to the law library association all monies for fines, penalties, forfeited deposits, bail bonds and recognizances prosecuted under a municipal ordinance when there is in force a state statute under which the offense might be prosecuted. It is also mandatory that it pay to a law library association all like funds received in cases prosecuted in the name of the state up to the amount set forth in the auditor's certificate, unless such payment is exempted hereafter. Law Library Association v. Parker, supra, followed and approved.

10. The wording of a penal ordinance of a municipality does not need to be word for word the same as the penal statute of the state to come within the provisions of §3056 **GC**. It is sufficient that the person arrested could also have been arrested and fined under state statute for the same offense. Even though the wording be different, it is sufficient that the arrest could be made under the state statute. If this is possible, the fines must be paid over to the law library association up to the limit set forth in the statute. Law Library Association v. Parker, supra, followed and approved.

11. Where a municipal corporation has no clerk, the mayor is to be considered the clerk of his own court and he is required to pay the money to the law library association.

He should not pay the same to the municipal treasurer and the treasurer in turn pay it to the law library association; neither should he pay it to the county auditor, but should make such payments direct to the Secretary-Treasurer of the law library association. Sec. 3056; 3056-3 GC. Law Library Association v. Parker, supra, followed and approved. However, such mayor as his own clerk should make no distribution until the time for appeal has passed.

12. All monies received by a municipality because of violations of criminal laws, up to the maximum set by the county auditor, where there is no municipal court, should be distributed as follows:

a. If the arrest is made by a state highway patrolman in all cases 50 per cent to the state; 25 per cent to the law library association, and 25 per cent to the road and bridge fund of the municipality.

b. If an arrest is made for a violation of the state traffic laws, as defined herein, except when the arrest is made by a state highway patrolman, 50 per cent to the law library association and 50 per cent to the road and bridge fund of the county.

c. If the arrest is for violation of the Liquor Control Act, as defined herein, 50 per cent to the state treasury, 25 per cent to the county treasury, and 25 per cent to the law library association.

d. In all other cases not covered by sections a to c, including violations of a municipal or village ordinance and violations of state laws, all funds received shall be paid to the law library association. Of course all funds received from violations of municipal ordinances where there is no similar state law, are retained by the municipality.

13. If the maximum amount payable under the certificate of the county auditor has been paid to a law library association by the municipality, thereafter all monies received from violation of ordinances shall be retained by the municipality. All money for violations of any of the state laws shall, except when the arrest is made by a state highway patrolman, be paid to the county treasury, credited to the credit of the general fund, except monies received for violations of state traffic laws which shall be credited to the road and bridge fund as provided by §6307-108 GC. If an arrest is made by a state highway patrolman, then 50 per cent should be paid to the state and the municipality shall retain 50 per cent to be credited to the road and street fund as provided by §1184-4 GC.

### Justice of Peace

14. A justice of the peace shall make distribution of monies received because of violations of the criminal laws of the state as follows:

a. If the arrest is made by a state highway patrolman, 50 per cent to the state treasury and 50 per cent to the road and bridge fund of the county.

b. If violation of the Liquor Control Act as defined herein, 50 per cent to the state treasury and 50 per cent to the general fund of the county.

c. In all other cases all the fine shall be paid into the county treasury to the credit of the general fund.

However, it is necessary for the county treasurer upon the

warrant of the county auditor, to properly distribute the funds so received from justices of the peace as provided herein. Sec. 3056-1 GC makes no provisions for direct distribution of fines to a law library association by justices of the peace.

### Court of Common Pleas, Probate Court, and Juvenile Courts

15. Sec. 3056-2 GC provides that the Probate court of each county shall pay yearly up to $1250.00 to a county law library association from monies arising from violations of the criminal laws, and in addition, the clerk of the court of common pleas shall likewise pay up to $1250.00 to such law library associations from monies arising from violations of the criminal laws. Such payments should be made directly to such law library association and not to the county treasurer.

16. None of the monies arising from criminal violations in the juvenile court are payable to a law library association but shall be distributed as otherwise provided by law.

At the time of the enactment of §3056 to 3056-8 GC the juvenile court was in existence, either being a division of the court of common pleas or a separate court, the judge also serving as probate judge. Although the judge may hold another position, the juvenile court in fact a separate court having separate records and a separate jurisdiction. The juvenile court is not specifically mentioned in §3056-2 GC. As all other courts are specifically referred to, it must be deemed that the legislature intended that such section should not apply to juvenile courts.

17. Sec. 1184-4 GC, providing for the distribution of fines where an arrest is made by a state highway patrolman, is not applicable in cases prosecuted in the common pleas court.

Sec. 1184-4 GC provides that when the arrest is made by a state highway patrolman, the money shall be distributed as therein provided. However, when charges are prosecuted in the court of common pleas, they cannot be heard on an affidavit of a state highway patrolman, but must be brought upon an indictment, information, or an affidavit filed by the prosecuting attorney. Arrest is then made by the Sheriff, even though a person is actually in custody. Sec. 13438-1 GC. Thus, in cases prosecuted in the court of common pleas the arrest upon which a conviction is secured cannot be made by a state highway patrolman as he has no power to serve such indictment or information or warrant, even though such patrolman may have made the original detention.

18. In the court of common pleas, 50 per cent of the monies arising because of violations of the state traffic laws, as

herein defined, regardless of the officer making the arrest, is payable to the law library association and 50 per cent to the county, to be credited to the road and bridge fund. **Sec. 3056-3; §6307-108 GC.** Likewise, fifty per cent of the monies arising from violations of the Liquor Control Act, as herein defined, shall be paid the state treasury, twenty-five per cent to the county treasury, and twenty-five per cent to the law library association. In all other cases, such monies shall be paid by the clerk of the court of common pleas to the law library association. However, when the maximum of $1250.00 has been paid by a clerk of courts to a law library association, no further payments shall be made to such association.

19. After the maximum amounts payable to a law library association has been reached as provided by §3056-2 and §3056-3 GC, all monies received because of violations of the State Liquor Control Act shall be paid one-half to the state and one-half to the general fund of the county; monies received because of violations of the State Traffic Laws, shall be paid to the county treasurer, credited to the road and bridge fund; §6307-108 GC; and all other monies resulting from violations of the state criminal laws shall be paid to the county treasury to the credit of the general fund.

### County Auditor

20. It is mandatory for the county auditor to certify the maximum amount payable by each municipality to a law library association before December 31st of each year. **Sec. 3056 GC** is clear in this respect as the word "shall" is used. As this is a duty imposed by law, the auditor has no discretion whether or not to prepare such certificate.

21. In computing the certificate of amounts payable to a law library association by each municipality as provided by §3056 GC for the next year, the certificate is based on the actual receipts of such municipality for the second preceding year from the year covered by such certificate. For simplification, if the certificate were prepared on December 31, 1948, for the year of 1949, the certificate is based upon the estimated budgets submitted in mid-year of 1948, showing the receipts of monies for the year 1947.

22. The county auditor does not have authority to refuse municipal budgets failing to declare actual receipts as provided by §5620-21 GC. Even though this information is not furnished, the auditor must accept the budget. **Warren county Law Library Association v. Parker, 23 O. O. 511,** followed and approved.

23. The budget commission does have authority to refuse to act on a budget of a municipal corporation that is not

complete in that it does not show the total fines received as provided by the Bureau of Inspection and Supervision of Public Offices requirements under §2737 GC. **Law Library Association v. Parker, 23 O. O. 511,** followed and approved. However, this action by the budget commission is not mandatory but is discretionary.

The court feels this must be the rule as matters relating to a law library association comprises but a very small part of the budget, and if it is the judgment of the budget commission that they proceed without these figures, they may so do.

24. If the accepted budget does not include the fines received by the municipal corporations and the budget commission does not return it, then the county auditor may use his own discretion in computing the total receipts because of violations of the criminal law that are missing from the budget. He may use old records, estimates based on population, or any other reasonable basis. The law requires that he shall act and if any subdivision by its failure to obey the law makes it difficult or impossible for him to act, it cannot complain if he uses any reasonable method to supply the missing information. The auditor should adopt figures most unfavorable to the municipal corporation failing to include such receipts so as not to prejudice any municipal corporations that have properly included their figures.

25. If fines are improperly paid to the auditor when they should be paid directly to the law library association, the auditor in his discretion may return these fines to the municipality for proper forwarding, or if sufficient information is accompanied to indicate that they should be received by the law library association he may turn them over to such association. The auditor may require any clerk, treasurer, or proper person paying fines or forfeited deposits or recognaisance in his office to execute a proper form showing the origin of such fine so that he may determine if proper distribution has been made.

26. It is the duty of the county auditor to draw his warrant upon the county treasurer and to pay to the law library association 50 per cent of all monies received by the county treasurer from justices of the peace because of violations of the criminal laws. However, not more than $1200.00 shall be so paid because of violations of the Liquor Control Act.

No problem arises herein because of State Traffic Law violations, as §3056-1 and 3056-3 GC each provide for 50 per cent to be paid to the law library association. Likewise, the duty rests upon a justice of the peace to make distribution to

the state. Consequently, 50 per cent of all monies received by the treasurer from justices of the peace is payable to the law library association.

27. Even though a county auditor has not made a certificate showing the amount payable by a municipal corporation to a law library association, and as a result said municipal corporation had no duty to make payments to a law library association as provided herein, monies paid by a municipal corporation to the county treasury that would have been paid to a law library association, except for the failure to make such certificate, must be paid by the county treasurer on the warrant of the auditor to the law library association.

Such monies are not properly retainable by the county as §§3056 to 3056-3 GC indicate that such monies up to $7500.00 are payable to the law library association. The failure of an auditor to make a certificate, although depriving the association of monies resulting from convictions where the arrest is made by state highway patrolmen, cannot deprive the association of monies actually due it that are paid into the county treasury. In such case, even though the auditor has not made a certificate, it lies within his own knowledge that such funds are improperly in the county treasury and it is his duty to see that distribution is made to the one entitled to the funds.

### Law Library Association

28. The law library association may expend funds received under §3056 to §3056-3 GC for purchase of books; repair of books; a reasonable amount to any person acting as custodian or performing other reasonable duties that are not within the usual duties of librarian; the reasonable purchase of furniture, such as tables and chairs for the use of persons using the books; and any other reasonable expenses necessary for the maintenance of the law library such as purchase of library cards, catalogs, indexes, etc.

29. However, a law library association may not use funds collected under §§3056 to 3056-3 GC for the purchase of bookcases, light fixtures, rent or heat, as §3055 GC provides that the county commissioners shall furnish the above.

30. The salary of the law librarian may not be paid from funds received by the law library association under §3056 to §3056-3 GC, as §3054 GC provides that the salary of the law librarian shall be paid by the county commissioners and provides the maximum amount payable.

31. The law library association may purchase bookcases or light fixtures, expend funds for rent, light and heat, or for additional salary to the law librarian from funds that

it may receive from a private source. If the law library association receives private donations; in respect to such monies it is like any other private association and may use such private funds for any proper purposes of the association, even though it is prohibited by law from expending funds received from a public source for such purposes. In many counties, including this one, the law librarian donates all or part of his salary to the association. In such cases, these funds along with any other donations or dues, are private funds and are not accountable to the county auditor as are the funds received under §3056 to §3056-3 GC, but are accountable only to the law library association. Their use is subject only to the rules of such association and they are not returnable to any subdivision. An account of such funds should be kept separate from funds received from a public source.

32. At the end of the year, 90 per cent of the balance remaining in the hands of the law library association as certified by the county auditor, shall be returned by the law library association to each subdivision. However, this applies only to 90 per cent of the unincumbered balance and if a debt has been contracted against his balance, the same is not unincumbered. This limitation applies only to the funds received from §3056 to 3056-3 GC and it is not applicable to any private funds received by the association.

33. In determining the amount to be repaid to any municipality, such funds should be computed on an actual cash receipt basis. The monies received in one year are only those actually received regardless of when the same should be levied. If a fine is levied in a municipality on December 20, 1948, and it is not paid into the law library association until January 10, 1949, such funds should be considered as being received for the year 1949. Law Library Association v. Parker, supra, followed and approved.

34. The pro-rata returnable under §3056 GC is to be made to the subdivision entitled to retain the funds rather than from the subdivision paying the fund. That is, in state cases, a municipality under §3056 GC is required to pay the same to the law library association. However, if it were not for §3056 GC such monies would be paid to the county treasurer. Sec. 4270 GC. Thus, the test in determining the pro-rata return of 90 per cent of the balance each year is a determination of what treasury would be actually entitled to such monies except for §§3056, 3056-1, 3056-2 and 3056-3 GC.

35. In making a pro-rata return to the subdivisions under §3056 GC the secretary-treasurer of the law library association should keep separate accounts for each of the various

subdivisions. This account should be broken into two parts, one representing the general fund of the county or subdivision and one the road and bridge fund. Upon the receipt of monies, the proper fund of a subdivision should be credited. At the end of the year 90 per cent of the unincumbered monies should be distributed to each fund of each subdivision on a pro-rata basis as provided herein.

36. The secretary-treasurer of the law library association should credit the funds of each unit paying into the law library association as follows:

a. If the arrest is made by a state highway patrolman and funds are paid in by a municipality, the street fund of such city should be credited. If by a justice of the peace through the county treasurer, the road and bridge fund of the county should be credited.

b. If the funds are paid in because of a violation of an ordinance of a municipality, the general fund of said municipality should be credited.

c. In all cases of monies arising because of violations of the state traffic laws, except where the arrest is made by a state highway patrolman, it should be credited to the road and bridge fund of the county.

d. In all other cases the general fund of the county should be credited.

37. The secretary-treasurer of a law library association may be unable to ascertain what amounts are due to a municipality and what are due to a county because of insufficient information accompanying such pay-in. In such case the secretary-treasurer of a law library association may properly credit such monies to the general fund of the county. This rule may seem harsh to a municipality; however, any municipality is only entitled to the return of any funds paid to a law library association if such funds are exempted from the operation of §4270 GC by other legislation. A municipal corporation has the opportunity to protect itself by supplying proper information to the secretary-treasurer of the law library association as to the origin of the fine. If it fails to supply this information, it cannot complain.