The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72032
Dear Senator Russ:
This is in response to your request for an opinion concerning the funding of the Faulkner County Emergency Squad. Specifically, you have asked whether funds received through private donations and various fund raising events held by the Squad, must be channeled through the county general fund and appropriated by the quorum court.
You have indicated that the Faulkner County Emergency Squad is a nonprofit corporation which assists local law enforcement officers in emergency situations. It is funded in part by the collection of a voluntary one mill tax, (administered by the county), and the balance of its funding is through private donations and fund raising events. The Squad is not a county or governmental agency.
It appears that there is no Arkansas law precisely on point. It is my opinion, in response to your question, however, that the funds raised by the Squad from private donations and through fund raising events are not "county funds", and as such the county has no right to exercise authority over them. See generally, State ex rel., Tomka v. Janing, 183 Neb. 76, 158 N.W.2d 213 (1968), and Van Wert County Law Library Association v. Stuckey, 94 N.E.2d 32
(Ohio 1949).
Our conclusion with regard to these non-public funds should not, however, be construed as addressing implications in connection with the Arkansas Freedom of Information Act ("FOIA"). A.C.A.25-19-101 et seq. Any agency which is "wholly or partially supported by public funds or expending public funds" (A.C.A.25-19-103(1) is potentially subject to the FOIA. The Emergency Squad is, according to your correspondence, supported in part by public funds (the one-mill tax). This fact, coupled with the Squad's quasi governmental function in assisting local law enforcement in emergency situations, would in all likelihood bring it within the scope of the FOIA. Our conclusion that the non-public funds are not county funds, and thus are not subject to county budgetary and accounting procedures, does not demand a different analysis or result under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.