The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143-5331
Dear Senator Beebe:
This is in response to your request for an opinion on the control and audit of funds in the "Kensett Fire Department Association Fund." You have enclosed a copy of a letter from the Assistant Chief of the Kensett Volunteer Fire Department stating that the department is a "municipal volunteer department." The City of Kensett budgets a certain monetary sum for the yearly support of the fire department, including sums to pay for equipment and maintenance. The Assistant Chief notes that the City totally controls this money. As an additional matter, however, there is a "Kensett Volunteer Fire Department Association" fund comprised of "personal citizen donations" and moneys arising from "fund raisers for the department." The question posed by the Assistant Chief is whether auditors at the Division of Legislative Audit have authority to audit the Association Fund and whether the "fire department should have total authority over this fund."
RESPONSE
It is my opinion that if the funds are entirely private and are privately maintained, the Division of Legislative Audit does not have authority to audit the funds. Similarly, if the funds are private and privately maintained, the Association should have total authority over the funds. Some question appears from the wording of the Assistant's Chief's letter, however, as to the custodian of these funds. The information supplied refers to an "Association" which I assume is some type of private entity.[1] The Assistant Chief's letter, however, inquires as to whether the "fire department" should have total authority over this fund. This intermingling of the public and the private nature of the fund is the likely genesis of the questions posed.
Similar issues were addressed in Ops. Att'y Gen. 95-349 and 89-082. In these opinions, two of my predecessors each opined that similar funds were private, and need not be deposited into the city or county treasury, or appropriated by the governing body. See Op. Att'y Gen.89-082 (funds raised by Faulkner County Emergency Squad (a nonprofit corporation) are not county funds such that county can exercise authority over them); and Op. Att'y Gen. 95-349 (funds raised by Heber Springs police officers through calendar sales are not public funds and need not be deposited into city general fund, even though the officers were not organized as a nonprofit association).
In each opinion, however, it was stated that there is no applicable Arkansas law on the question. Opinion 89-082 cites two judicial decisions from other states on similar questions, each holding that the funds in question are private. See e.g., State ex rel. Tomka v. Janing,183 Neb. 76, 158 N.W.2d 213 (1968) and Van Wert County Law LibraryAssociation v. Stuckey, 94 N.E.2d 32
(Ohio 1949).
With regard to the question of whether The Division of Legislative Audit has power to audit the funds, the applicable statute is A.C.A. § 10-4-202, which provides in pertinent part as follows:
 (a) The Legislative Auditor has the power and duty, acting through his duly authorized employees, to conduct audits of the records and accounts of all officials or employees of counties, municipalities, school districts, county school boards, and educational cooperatives. . . .
In my opinion the answer to you first question concerning the audit of the funds in question depends upon whether they are the funds of municipal employees. A fact question may arise in this regard. If there is a private association that is the custodian of these funds, the funds are in all likelihood immune from a legislative audit. If municipal employees, however, in their official capacity, are soliciting and maintaining these funds, the statute quoted above may well invest the Division of Legislative Audit with the power to audit them. I cannot determine from the facts presented, however, which is the case.[2]
In my opinion, similarly, if the funds arise from private sources and are privately maintained, the City of Kensett has no authority over the funds. Again, however, a fact question may arise as to the separate, private nature of the funds.
Finally, I should point out that even if the funds are privately maintained, Opinion 95-349 notes that under some circumstances, associations of the nature you describe are required to register with the Attorney General's office as charitable solicitors. See generally,
A.C.A. § 4-28-401 to -416 (Supp. 1999).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] It does not appear, however, that this entity is formally incorporated as a nonprofit corporation and filed of record with the Secretary of State's office.
[2] If anything in Opinion 95-349 can be interpreted as stating a contrary proposition, I disagree with that conclusion.